**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                              :
LAMAR CALDWELL,               :
                              :    Civil Action
            Petitioner,       :    1:05-CV-04972 (RBK)
                              :
      v.                      :    **O P I N I O N**
                              :
JONATHAN MINER,               :
                              :
            Respondent.       :
_____:


**APPEARANCES:**

   LAMAR CALDWELL, Petitioner pro se
   #48759-066
   Federal Correctional Institution
   Fairton, NJ 08320

   CHRISTOPHER J. CHRISTIE, United States Attorney,
   PAUL A. BLAINE, Assistant U.S. Attorney,
   Camden Federal Bldg & U.S. Courthouse
   401 Market Street
   Camden, NJ 08101

**ROBERT B. KUGLER, District Judge**

On October 10, 2005, Petitioner LAMAR CALDWELL (hereinafter "Petitioner") currently confined at the Federal Correctional Institution, Fairton, New Jersey, filed an application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"), asserting that the state sentence which Petitioner has finished serving should be credited as "time served" against Petitioner's current federal sentence through a nunc pro tunc

designation of the state facility where Petitioner has served his state sentence as a facility recognized for the purposes of Petitioner's federal sentence; such accreditation would operate as an express recognition by the Federal Bureau of Prisons (hereinafter "BOP") that Petitioner's state and federal sentences were "concurrent" rather that "consecutive". See generally, Pet. In addition, Petitioner submitted a request to the judge who imposed Petitioner's federal sentence to re-evaluate the sentence in light of the decisions reached by the Supreme Court for the United States in Booker v. United States, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005).  See Pet. at 4.

On April 6, 2006, this Court issued an order (1) directing Respondent to show cause as to why Petitioner's Petition should not be granted, and (2) underscoring that the Court was troubled by two inferences ensuing from Petitioner's Petition, that is, the BOP's apparent lack of interest in the opinion of Judge Weiner, Petitioner's federal sentencing judge, as to whether Petitioner's state and federal sentences should have run concurrently, in violation of holding of Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), and the BOP's seeming shortcomings with respect to BOP's consideration of the factors outlines in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).  See Caldwell v. Miner, 1:05-CV-04972 (RBK), Docket No. 3 (Apr. 6, 2006).

Respondent filed an answer (hereinafter "Answer")[1] asserting that Petitioner's Petition should be denied since the BOP, in reaching its decision to deny Petitioner nunc pro tunc designation (1) duly sought the opinion of Judge Weiner,[2] and (2) properly considered all factors listed in the Woodall decision.

Having thoroughly examined the papers and considered the arguments of the parties, this Court denies the Petition.

## BACKGROUND

Petitioner is currently serving his 250 month federal sentence rendered in June of 1995 by Judge Weiner, see Ans., Ex. 4, and Petitioner's projected release date, as it stands now, is August 31, 2022. See id., Ex. 1. Prior to starting his federal sentence, Petitioner has finished serving his state sentence; the offense underlying Petitioner's federal sentence was entirely unrelated to the one underlying his state sentence.[3] During his incarceration

---

[1] Respondent's Answer was filed under seal in accordance with this Court's order, see Caldwell v. Miner, 1:05-CV-04972 (RBK), Docket No. 9 (June 6, 2006), and, therefore, this Opinion neither quotes the statements made in the Answer not provides page citations to the Answer.

[2] As it appears from the Answer, Petitioner was or should have been aware that the BOP made an inquiry with Judge Weiner since a copy of the BOP's correspondence addressed to Judge Weiner was provided to Petitioner.

[3] The latter took place on November 18, 1994, when Petitioner was arrested by a Philadelphia police officer and charged with

with state charges pending, Petitioner was produced in the federal court under a writ of habeas corpus ad prosequendum and sentenced by Judge Weiner to the federal sentence that Petitioner is currently serving.[4]  See id., Ex. 4.  Following his federal sentence, Petitioner was "returned to state custody and, on June 19, 1995, was sentenced by the State of Pennsylvania to 7½ to 15 years to run concurrently with his federal sentence." Caldwell v. Miner, 1:05-CV-04972 (RBK), Docket No. 3, at *3 (citing Administrative Report produced by Petitioner) (internal brackets omitted).

   Petitioner proceeded to serve his state sentence; after serving the state sentence and being transferred to federal custody to serve his federal term, Petitioner submitted a request to credit his federal sentence with all the time he had spent in the state custody.  See Pet. at 2.  The BOP interpreted the request as one seeking a nunc pro tunc designation.[5]  See id. at 5 (Response by

---

numerous Pennsylvania offenses.

[4]  Although Judge Weiner's judgment was silent with regard to whether the federal sentence was to be served concurrent with or consecutive to Petitioner's potential state sentence, Judge Weiner was made aware of Petitioner's then pending state charges.  See Ans., Ex 8.

[5]  Nunc pro tunc designation under the BOP Program Statement ("P.S.") 5160.05 provides guidance as to whether a state institution could be designated for concurrent service of a federal sentence and indicates that such designation should be consistent, inter alia, with the intent of the federal sentencing court and the goals of the criminal justice system.  See P.S. 5160.05.

Harrell Watts, July 8, 2005).

As Respondent has clarified in Respondent's Answer, following Petitioner's request, on October 7, 2004, the BOP's Regional Inmate Systems Administrator wrote to the sentencing Judge Weiner asking the Judge for recommendation as to whether Petitioner's federal sentence should be served concurrent with Petitioner's state sentence. See Ans., Ex. 8. Although Judge Weiner did not respond to the inquiry,[6] a representative of the prosecutor's office (who was served with an analogous inquiry in accordance with P.S. 5160.05) responded to the BOP by stating that (1) Judge Weiner had expressed his objection to concurrency, and (2) that the prosecutor's office also objected to concurrency of service since Petitioner had never accepted responsibility for the federal offence or asked for concurrent sentences, and since Petitioner's state offenses were separate from and unrelated to those underlying Petitioner's federal offense. See id., Ex. 9. After evaluating Petitioner's criminal record, the goals of the criminal justice system, assessing what could have been the intent of Judge Weiner

---

Information considered under the P.S. includes relevant judgment and orders, state sentencing records and any other pertinent sentencing information, including any statements indication the positions of the sentencing court, the prosecutor and the probation office. See id.

[6] Judge Weiner passed away on November 9, 2005, a year and one month after the BOP's inquiry at issue. See 5-5 Mealey's Asb. Bankr. Rep. 17, Vol. 5, Issue 5 (Dec. 2005).

and that put on the record by the prosecutor's office, the BOP denied Petitioner's request for a <u>nunc</u> <u>pro</u> <u>tunc</u> designation.

## **DISCUSSION**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, <u>see</u> 18 U.S.C. § 3585; <u>United States v. Wilson</u>, 503 U.S. 329 (1992), and the Attorney General has delegated that authority to the Director of the BOP. <u>See</u> 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of (1) the date on which the federal sentence commences, and (2) the extent to which credit is awardable for time spent in custody prior to commencement of the sentence. <u>See</u> 18 U.S.C. §§ 3585(a), (b). Thus, "[m]ultiple terms of imprisonment imposed at different times [are presumed to] run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Notably, a federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is *already* subject to an undischarged term of imprisonment. <u>See</u> <u>id.</u> If a state sentence has not yet been imposed, a federal court cannot order that its term of imprisonment shall run concurrently with a term of imprisonment that may, hypothetically, be imposed in

the future with respect to pending state charges. See Barden v. Keohane, 921 F.2d at 484 ("the sentencing court not only was unable to order concurrency because it sentenced [defendant] before the state did but was actually powerless to do so"). Since, in Petitioner's case, there was no pending state sentence at the time Petitioner's federal sentence was imposed, Judge Weiner had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future. See Caldwell v. Miner, 1:05-CV-04972 (RBK), Docket No. 3, at *9.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which Petitioner served his state sentence, see 18 U.S.C. § 3621(b), Barden, 921 F.2d at 480-83, and the BOP's decision to grant or deny nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. See Barden, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.04, (1) "[a]ppropriate state institutions will be designated for service of federal sentences when such actions are in compliance with applicable statutes, court orders or recommendations, and the goals of the criminal justice system"; and (2) if the federal judgment was imposed first and, hence, there was no recommendation regarding concurrent or consecutive service of the sentences, the BOP shall make an inquiry with the federal sentencing court as whether the

court has any preferences with regard to nunc pro tunc designation.

As it is clear from the evidence presented to this Court, the BOP duly sought relevant information from both the prosecutor and sentencing court. See Ans., Ex. 8. The prosecutor noted his objection and the federal court could--but declined--to address the issue. See id., Ex. 9. The BOP also considered Petitioner's criminal record and the interests of justice. See Pet. at 5, 7-8 (administrative responses to Petitioner's nunc pro tunc application, and responses to Petitioner's appeals to the BOP's decision).

Therefore, this Court finds that, under such circumstances, (1) it was not an abuse of discretion for the BOP to conclude that the statutory preference for consecutive sentences should control and, hence, deny Petitioner nunc pro tunc designation, and (2) BOP's multi-factor evaluation of Petitioner's nunc pro tunc application comported with the letter and the spirit of the decision by the United States Court of Appeals for the Third Circuit in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).[7]

---

[7] "The statement of the state court judge that the sentences should be served concurrently does not lead to a different result. Where the two sentencing judges are of differing opinions as to whether the federal and state terms should be served concurrently or consecutively, it cannot be said that the BOP has abused its discretion in following the intent of the federal judge, especially where that intent tracks the statutory presumption of consecutive sentences."  Best v. Miner, 2006 U.S. Dist. LEXIS 29786, at *9 (D.N.J. May 15, 2006).

Finally, with respect to Petitioner's claims based on <u>Booker v. United States</u>, 543 U.S. 220 (2005), and <u>Shepard v. United States</u>, 544 U.S. 13 (2005), this Court has no jurisdiction to consider Petitioner's request to review the legality of Petitioner's sentence; Petitioner, if he so desires, should address such claims to Petitioner's federal sentencing court.[8]  <u>See</u> 28 U.S.C. § 2255; <u>Okereke v. United States</u>, 309 F.3d 117, 120-21 (3d Cir. 2002); <u>Cradle v. United States</u>, 290 F.3d 296 (3d Cir. 2002).

### **CONCLUSION**

For the foregoing reasons, Petitioner's Petition is denied. An appropriate order accompanies this opinion.

s/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

Date: June 30, 2006

---

[8] Since Petitioner already filed his § 2255 motion, <u>see</u> <u>United States v. Caldwell</u>, 1997 U.S. Dist. LEXIS 6194 (E.D. Pa. Apr. 29, 1997), this matter could be addressed by Petitioner's federal sentencing court only if the Court of Appeals for the Third Circuit authorizes Petitioner to proceed with a second/successive motion under 28 U.S.C. § 2255.