Case 1:05-cv-04972-RBK   Document 14   Filed 08/07/06   Page 1 of 9 PageID: 179

<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**</u>

```
_____
                                    :
LAMAR CALDWELL,                     :
                                    :        Civil Action
                Petitioner,         :        1:05-CV-04972 (RBK)
                                    :
        v.                          :        **O P I N I O N**
                                    :
JONATHAN MINER,                     :
                                    :
                Respondent.         :
_____:
```

**APPEARANCES:**

    LAMAR CALDWELL, Petitioner <u>pro</u> <u>se</u>
    #48759-066
    Federal Correctional Institution
    Fairton, NJ 08320

    CHRISTOPHER J. CHRISTIE, United States Attorney,
    PAUL A. BLAINE, Assistant U.S. Attorney,
    Camden Federal Bldg & U.S. Courthouse
    401 Market Street
    Camden, NJ 08101

**ROBERT B. KUGLER, District Judge**

On October 10, 2005, Petitioner LAMAR CALDWELL (hereinafter "Petitioner") currently confined at the Federal Correctional Institution, Fairton, New Jersey, filed an application to proceed <u>in</u> <u>forma</u> <u>pauperis,</u> together with an application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). Petitioner's Petition asserted that (a) the state sentence which Petitioner has finished serving should be credited

Page -1-

as "time served" against Petitioner's current federal sentence through a nunc pro tunc designation of the state facility where Petitioner has served his state sentence as a facility recognized for the purposes of Petitioner's federal sentence (such accreditation would operate as an express recognition by the Federal Bureau of Prisons (hereinafter "BOP") that Petitioner's state and federal sentences were "concurrent" rather that "consecutive"); and (b) Petitioner's federal sentence had to be re-evaluated in light of the decisions reached by the Supreme Court for the United States in Booker v. United States, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005).  See id. After this Court's Order of November 3, 2005, denying Petitioner in forma pauperis status, see Docket No. 2, Petitioner submitted due filing fee of $5.00 and, on April 5, 2006, this Court issued an order and an accompanying opinion directing Respondent to show cause as to why a writ should not be granted to Petitioner.  See Docket Entry Nos. 3 and 4.  Respondent filed Respondent's Response on June 5, 2006.  See Docket Entry No. 7.  On July 6, 2006, this Court issued an Order (hereinafter "July Order") denying Petitioner's Petition, see Docket Entry 11, and the accompanying Opinion (hereinafter "July Opinion") examined both Petitioner's claims in detail.  See Docket Entry 10.

    On July 18, 2006, Petitioner filed with this Court a Motion for Reconsideration (hereinafter "Motion").  See Docket Entry No.

12.   In his Motion, Petitioner asserted new claims, i.e., that his sentence was unduly enhanced, and introduced new evidence.  See Mot. and Ex. One.  On July 19, 2006, Respondent filed Respondent's Response in Opposition to Petitioner's Motion for Reconsideration (hereinafter "Opposition").  See Docket Entry No. 13.  Respondent's Opposition (a) asserts that Petitioner is not entitled to raise arguments and/or bring to the Court's attention evidence not raised and/or brought to the Court's attention as part of Petitioner's original Petition, but, nonetheless (b) includes a substantive discussion of Respondent's position with regard to Petitioner's new arguments/evidence, as these arguments/evidence were understood by Respondent.  See generally Opposition.

This Court agrees with Respondent's position that Petitioner is not entitled to raise arguments and/or bring to the Court's attention evidence not raised and/or brought to the Court's attention as part of Petitioner's original Petition.  The Court, therefore, shall not reach the merits of Petitioner's new arguments and Respondent's Opposition with regard to these arguments.[1]

Generally, there are four basic grounds upon which a motion for reconsideration may be granted:  (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent

---

[1]

The Court expressly notes that the Court neither agrees with nor rejects Respondent's interpretation of the substance of Petitioner's new arguments.

Page -3-

manifest injustice; and (d) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process.  Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In the case at bar, Petitioner (a) does not assert that a manifest errors of law or fact were made by this Court in the

Court's July Opinion or July Order, see generally Mot., (b) does not indicate that denial of reconsideration could result in manifest injustice, see id., (c) does not suggest that an intervening change in prevailing law relevant to Petitioner's case has taken place, see id., and (d) expressly acknowledges that the Court was availed neither to the facts nor to the arguments now made part of Petitioner's Motion.  See Mot. at 1.

Moreover, short of one issue,[2] Petitioner's Motion effectively

_____

[2]

While Petitioner asserts that he had no knowledge about the death of the federal judge who sentenced Petitioner to Petitioner's federal term, the very fact of the judge's death (a) cannot qualify as "newly discovered" evidence, since Petitioner, had he been duly diligent, would discovered this fact, see Capital Funding, VI, LP v. Chase Manhattan Bank USA, 2006 U.S. App. LEXIS 17262 (3d Cir. 1006), and (b) is, substantively, of no consequence.  While Petitioner appears to believe that the fact of the judge's death is pivotal in Petitioner's case (since Petitioner claims that the judge implicitly wished for Petitioner to serve Petitioner's federal and state sentences concurrently rather than consecutively, and that this implicit wish has obligatory effect on the BOP), Petitioner errs.  Petitioner asserts that

> [recital of the judge's] opinion [by prosecutorial
> office], unsupported by any letters, notes, or statements
> on the record by [the] judge . . . is purely speculation
> and[,] since the law clearly states that all matters of
> ambiguity should be resolved in the light most favorable
> to [Petitioner], this [recital has no validity] absent
> clear evidence to the contrary.

Mot. at 3.   Under the threshold cases on Petitioner's matter, Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the BOP merely had to *seek* the thoughts of the sentencing judge, *but neither had to obtain* them (if the judge did not respond to BOP's inquiry), *nor to follow* them.  See Woodall, 432 F.3d at 239; Barden, 921 F.2d at 483 (same).   Since it is not disputed that the BOP actually made a proper inquiry with Petitioner's sentencing judge, see July Opinion

pleads a new set of claims and facts.

Petitioner, however, cannot rely on any other instrument but Petitioner's pleading to set forth all relevant claims and facts. See Mayle v. Felix, 125 S. Ct. 2562, 2566, 2570 (2005).

> Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a . . . detailed statement. The habeas rule instructs the petitioner . . . to "state the facts supporting each ground." . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that [answer] must "address [only] the allegations in the petition." Rule 5.

Id.

Any instrument other than pleadings, be it a traverse or motion for reconsideration, is *not* a proper vehicle to set forth Petitioner's claims and facts.  See id.  Since (a) Petitioner's motion does not challenge this Court's determination with regard to the *issues raised in Petitioner's original Petition* (nor does it provide any other grounds for reconsideration in accordance with requirements outlined in Harsco Corp., 779 F.2d at 909), and (b)

---

at 8 citing Ans., Ex. 8, (the judge did not respond to the inquiry, see id.), the fact that the BOP was unable to obtain any statements "on the record" from Petitioner's sentencing judge neither renders the BOP's decision improper not qualifies Petitioner for the interpretation of judicial silence that Petitioner desires.  See id.

this Court, in accordance with <u>Mayle</u>, 125 S. Ct. At 2566, 2570,

shall not entertain Petitioner's new claims raised in the Motion,

Petitioner's Motion for Reconsideration should be denied.[3]

Finally, even if this Court would, hypothetically, ignore the

above-listed considerations, Petitioner's instant claims cannot be

brought under § 2241, that is, the provision governing Petitioner's

original Petition, since Petitioner now challenges the length of

Petitioner's federal sentence (rather than the mode of execution of

that sentence).  As this Court already pointed out in the Opinion

accompanying the July Order, "[s]ince Petitioner already filed his

§ 2255 motion, <u>see</u> <u>United States v. Caldwell</u>, 1997 U.S. Dist. LEXIS

6194 (E.D. Pa. Apr. 29, 1997), this matter could be addressed by

Petitioner's federal sentencing court only if the Court of Appeals

for the Third Circuit authorizes Petitioner to proceed with a

---

[3]
    Subject to limitations ensuing from the "abuse of writ"
doctrine, Petitioner may raise the new arguments set forth in
Petition's Motion by filing another § 2241 petition.

> The terms "successive petition" and "abuse of the writ"
> have slightly different meanings.  A "successive
> petition" raises grounds identical to those raised and
> rejected on the merits on a prior petition. <u>See</u> <u>Sanders</u>
> <u>v. United States</u>, 373 U.S. 1, at 15-17 [(1963)].  . . .
> The concept of "abuse of the writ" is founded on the
> equitable nature of habeas corpus.   . . . Where a
> prisoner files a petition raising grounds that were
> available but not relied upon in a prior petition, or
> engages in other conduct that disentitles him to the
> relief he seeks, the federal court may dismiss the
> subsequent petition on the ground that the prisoner has
> abused the writ. <u>Id.</u> at 17-19.

<u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 445 n. 6 (1986) (citations and
internal quotation marks omitted).

second/successive motion under 28 U.S.C. § 2255." <u>Caldwell v.</u>

<u>Miner</u>, 2006 U.S. Dist. LEXIS 45735, at *11, n. 8 (D.N.J. June 30,

2006).[4]

     While it appears that Petitioner is having difficulty

recognizing the limitation explained right above, Petitioner does

concede that his instant Motion raises the issue in the nature of

Section 2255 (rather than Section 2241), <u>see</u> Mot. at 1, but

requests this Court to "split" his case into two, <u>i.e.</u>, the "old"

§ 2241 one (resolved by the July Order) and a "new" § 2255 one

(based on the issue Petitioner is raising in his Motion).  If so,

this Court cannot "split" Petitioner's original action into two,

<u>see</u> Habeas Rule 2(e), and Petitioner should raise his new claim as

a *separate* application filed with the Third Circuit.

---

[4]

     While the United States Court of Appeals for the Third Circuit
has recognized that, under certain very rare situations, a prisoner
who cannot satisfy the gate-keeping requirements of § 2255 should
be permitted to proceed under § 2241, which has neither a
limitations period nor a proscription against the filing of
successive petitions, <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 251, Petitioner
does not qualify for this exception.  The <u>Dorsainvil</u> exception,
which addresses what makes a § 2255 motion "inadequate and
ineffective," is satisfied only "where the denial of a habeas
action would raise serious constitutional issues," <u>see</u> <u>Triestman v.</u>
<u>United States</u>, 124 F.3d 361, 377 (2d Cir. 1997); <u>Dorsainvil</u>, 119
F.3d at 249, and construed extremely narrowly.  The exception is
not applicable here: Petitioner's circumstances are distinguishable
from <u>Dorsainvil</u>'s unique case where the intervening change in the
law "made the crime for which [the] petitioner was convicted non-
criminal." <u>Id.</u> at 120-21.  Since Petitioner makes no argument that
the conduct for which he was convicted is no longer criminal due to
an intervening change in the law, the <u>Dorsainvil</u> exception does not
apply to the instant case.  <u>See</u> <u>id.</u>

## CONCLUSION

For the reasons set forth above, Petitioner's motion, presumed filed pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g), for reconsideration of the Court's Order of July 6, 2006, is hereby denied.

An appropriate Order accompanies this Opinion.


s/Robert  B.  Kugler
**ROBERT B. KUGLER**
**United States District Judge**

Date: August 7, 2006